UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ELSA PERALTA SHAH,

        Plaintiff,

    -against-

ROBERT S. MULLER, Director, Federal
Bureau of Investigation; JOHN SMITH,
FBI Agent; CELESTINO REINOSO, FBI
Agent; EDUARDO JORGE PRATT, FBI
Agent; JAMES O'KELLEY (fictitious
name), FBI Agent/Manager; STEWART
PIKLES, FBI Agent, et al., FBI Agents,

        Defendants.
-----------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ MAY 0 2 2012 ★

BROOKLYN OFFICE

**MEMORANDUM & ORDER**
12-CV-0938 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

    On February 24, 2012, Plaintiff Elsa Peralta Shah ("Plaintiff"), appearing pro se, filed this action and sought leave to proceed in forma pauperis. (Compl. (Docket Entry #1); Mot. (Docket Entry #2).) Plaintiff has also moved for appointment of pro bono counsel and an order of protection. (Docket Entries ## 3-4.) The court grants Plaintiff's request to proceed in forma pauperis solely for the purpose of this Order, and Plaintiff's Complaint is DISMISSED as set forth below. Plaintiff's remaining motions are denied.

### I. BACKGROUND

    Plaintiff alleges that she owns land in the Dominican Republic and that she entered into a contract with a company, Barrick Gold, to lease the land because it contains precious metals such as gold and silver. (Compl. at 2.) Plaintiff further alleges that Barrick Gold deposited $5 million into a bank account in the Dominican Republic and the "balance of US 20,000,000 (Twenty Million Dollars) was to be sen[t] to United State[s] and deposited in my account at Chase Bank."

(Id.) Thereafter, Plaintiff alleges that the Federal Bureau of Investigation ("FBI") became involved once notified of the $20 million transaction and sought to lease the land as well on behalf of the United States Department of Agriculture. (Id.)

According to Plaintiff, unidentified FBI Agents intended to give her a check for $6 million in the back of a car, ordered an attack on her niece in the Dominican Republic, "listened and recorded all my telephone conversations, followed me, confiscate[d] my mail read it and returned it ripped," and ordered the disappearance of her niece. (Id. at 3.) Plaintiff seeks damages of $25 million; Plaintiff also offers the land for lease by the FBI or the Department of Agriculture if those agencies send different agents to negotiate with her. (Id. at 4.) Attached to the Complaint are letters purportedly from the Justice Department and from the Dominican Republic. (See Compl., Unmarked Exhibits.)

## II. STANDARD OF REVIEW

In reviewing the Complaint, the court is aware that Plaintiff is proceeding pro se and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court is obliged to construe Plaintiff's pleadings liberally and interpret them as arising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, the court must dismiss the complaint of a plaintiff proceeding in forma pauperis "at any time" if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir.

1998) (internal citation omitted).

## III. DISCUSSION

The Supreme Court has observed that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989). After construing Plaintiff's pleadings liberally and interpreting them as raising the strongest arguments they suggest, the court finds that Plaintiff's allegations rise to the level of the incredible and that there is no legal theory on which she may rely. Livingston, 141 F.3d at 437.

Even if the claims were not held to be incredible, Plaintiff's Complaint would still be dismissed, because the Complaint fails to allege any facts to support a federal claim against any of the defendants named in the caption. To the extent Plaintiff invokes the court's jurisdiction by citing to the Fourth Amendment, the court liberally construes the Complaint as bringing a claim under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ("Bivens"). The elements of a Bivens claim are: (1) "that a defendant acted under color of federal law" (2) "to deprive plaintiff of a constitutional right." Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995). A Bivens claim requires the personal involvement of each defendant named. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009) ("[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, Plaintiff fails to allege the personal involvement of any of the defendants named in the caption, with the exception of James O'Kelley.

With regard to O'Kelley, the purported author of two letters allegedly sent to Plaintiff in Spanish from the United States Department of Justice, Plaintiff fails to plead "enough facts to

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. at 1949. The attached letters do not provide enough factual content to allow the court to draw any inference of legal liability because they do not demonstrate any misconduct.

## IV.  CONCLUSION

Accordingly, the Complaint, filed in forma pauperis, is DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's applications for pro bono counsel and for an order of protection are DENIED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case and enter judgment. The Clerk of Court is also directed to mail a copy of this Order to Plaintiff and indicate the mailing on the electronic docket.

SO ORDERED.

Dated: Brooklyn, New York
       April 30, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge